IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
August 23, 2023 10:30 AM
SX-2020-CR-00193
**TAMARA CHARLES**
**CLERK OF THE COURT**



# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| PEOPLE OF THE VIRGIN ISLANDS, | Criminal No. SX-20-CR-193 |
| Plaintiff, | Charges: |
| v. | Robbery, First Degree<br>14 V.I.C. § 1862(2) |
| JAYSON PRYCE, | Assault, First Degree<br>14 V.I.C. § 295(3) |
| Defendant. | Assault, Third Degree<br>14 V.I.C. § 297(a)(1)<br>Assault Third Degree<br>14 VI.C. § 297(a)(2)<br>Assault, Third Degree<br>14 V.I.C. § 297(a)(3)<br>Unauthorized Possession of a Firearm During the Commission of a Crime of Violence<br>14 V.I.C. § 2253 (a)<br>Discharging or Aiming a Firearm<br>14 V.I.C. § 479(a)<br>Possession of Ammunition<br>14 V.I.C. § 2256 (a) |

**Cite as: 2023 VI Super 52U**

Attorney Amelia B. Joseph, Esq.,
Office of the Territorial Public Defender
Counsel for Defendant
#1-B Clifton Hill, 2nd Floor
Kingshill, St. Croix U.S.V.I. 00850

Attorney Amie Simpson, Esq.,
Criminal division Chief,
VI Department of Justice
#213 La Reine, Kingshill
St. Croix, U.S. Virgin Islands 00850

**Meade, J. Senior Sitting Judge**

Memorandum Opinion and Order                                    Cite as: 2023 VI Super 52U
People of the Virgin Islands v. Jayson Pryce
SX-20-CR-193

## MEMORANDUM OPINION AND ORDER

¶ **1.** **THIS MATTER** is before the Court on Defendant, Jayson Pryce's (hereinafter "Pryce") Motion to Suppress items of evidence retrieved from his home by law enforcement officers pursuant to a warrant. Pryce contends that the information contained in the affidavit which secured the warrant was stale and therefore lacking in probable cause. The People filed their Opposition contending that the Magistrate's finding of probable cause to issue the warrant was reasonable and the "good faith" exception applies since the officer reasonably relied on the warrant. For the reasons given the Defendant's Motion to Suppress is **GRANTED**.

### Factual and Procedural Background

¶ 2.     On April 13, 2020, complainant, Ashiba Maynard, ("Maynard") filed a report with the Virgin Islands Police Department stating that on the previous day, April 12, two men robbed him of money and equipment, and one of the men aimed a firearm at him and discharged a shot. Maynard informed the police that this incident occurred at his home in the archway of Building 24 Mutual Homes in Grove Place, St. Croix Virgin Islands. In undertaking an investigation, Officer Raheem Benjamin travelled to Mutual Homes to canvass the area where Maynard stated the incident occurred. While in that location, Officer Benjamin contacted Maynard who, at that time, informed the officer that the incident did not actually occur at Building 24 in Mutual Homes and led the officer to a farm in Grove Place

2

which he indicated to the officer was his home and as the location where the incident occurred. Maynard described the individuals to the officer, and identified them using real names or street names. He described the vehicle that one of the suspects drives, where that suspect worked, the type of vehicle the suspect drove at work and other information bearing some indication that he was familiar with the individuals who allegedly robbed him.

¶ 3. From the information Maynard provided, Officer Benjamin was able to determine that these were individuals with whom he previously had contact in his duties as a police officer. Officer Benjamin identified the suspects as Jayson Pryce and Raquan Gonsalves, the Defendants in this case.

¶ 4. Later that day, Officer Benjamin saw Pryce in the vicinity of Eulalie Rivera School in Grove Place sitting in his vehicle, a 1998 two-door, blue Honda Accord. Officer Benjamin made a registration check of the vehicle and discovered that it was registered to Pryce who lived at #206 Upper Love. On April 23, 2020, Officer Benjamin confirmed with Officer Elsworth Jones of the Firearms Bureau of the Virgin Islands Police Department that Pryce was not authorized to possess a firearm in the Virgin Islands. On July 15, 2020, Officer Benjamin applied for and obtained warrants for the arrest of Pryce and for the search of his home at #206 Upper Love. The affidavit supporting the search warrant identified firearms and firearm

related accessories as the items to be seized, but the warrant extended the search to clothing, cell phones, manuals and documents relevant to the possession of firearms. Both Warrants were executed on July 23, 2020.

¶ 5.     Pryce filed his Motion to Suppress on August 27, 2021. The People filed their response on May 4, 2022. The Court conducted a hearing on the Pryce's Motion to Suppress on May 4, 2022. During the hearing, Officer Benjamin testified that the search of Pryce's home recovered ammunition, but no firearms were found.

## The Legal Standard

¶ 6.     The Fourth Amendment to the United States Constitution protects individuals against unreasonable searches and seizures. *U.S. Const. amend. IV*. The Fourth Amendment guarantees citizens the right to privacy against government intrusion by requiring a warrant based on probable cause before the search or seizure of persons or property may be considered valid. To protect the Fourth Amendment guarantees, the U.S. Supreme Court has dictated that evidence obtained through unreasonable searches and seizures is excluded from use in criminal prosecutions. *Mapp v. Ohio*, 367 U.S. 643, 654 (1961). The "age of the information supporting the application for a warrant is a factor in determining probable cause". *United States v. Harvey*, 2 F.3d 1318, 1322 (3rd Cir. 1993). If the information is "too old, it is stale and probable cause may no longer exist". *Id.* "Stale Information 'may have little value in showing that contraband or

4

Memorandum Opinion and Order                    Cite as: 2023 VI Super 52U
People of the Virgin Islands v. Jayson Pryce
SX-20-CR-193

evidence is still likely to be found in the place for which the warrant is sought'". *United States v. Caple*, 403 F. App'x 656, 659 (3rd Cir. 2010) (citing *United States v. Williams*, 124 F. 3d 411, 420 (3rd Cir. 1997). The mere passage of time does not make information stale. To determine whether information is too stale to constitute probable cause, the Court must look at the circumstances of each case and take into account, the nature of the crime, the duration of the criminal activity and the type of evidence to be seized. *Harvey* at 1322. See also, *United States v. Wagner*, 951 F. 3d 1232, 1246 (10th Cir. 2020).

¶ 7.     The United States Supreme Court has created an exception to the suppression of evidence where an officer in "good faith" reasonably relies on a warrant issued by a magistrate that is later determined to be invalid. *United States v. Leon*, 468 U.S. 897, 922 (1984). "The good faith exception instructs that the suppression of evidence is 'inappropriate where an officer executes a search in objectively reasonable reliance on the warrant's authority', even though no probable cause to search exists". *United States v. Hodge*, 246 F. 3d 301, 307 (3rd Cir. 2001).

## ANALYSIS

### A. The Affidavit was Insufficient to Establish Probable Cause

¶ 8.     Pyrce challenges the warrant that authorized the search of his home with the contention that the information in the affidavit which secured the warrant was stale and therefore lacking in probable cause. Officer

Benjamin acquired the information supporting the affidavit on April 13, 2020, when Maynard made the report and was interviewed during the course of the officer's investigation. The Magistrate issued the warrant on July 15, 2020 and it was executed on July 23, 2020.

¶ 9.    "An affidavit establishes probable cause for a search warrant if the totality of the information it contains establishes the fair probability that contraband or evidence of a crime will be found" in the place to be searched. *United States v. Knox*, 883 F. 3d 1262, 1275 (10th Cir. 2018). Probable cause exists where the information in the affidavit suggests that the items to be seized will be in the location to be searched. *United States v. Tehfe*, 722 F. 2d 1114, 1119 (3rd Cir. 1983). "It is not enough that the items may have been at the specified location at some time in the past - there must be probable cause to believe that they are" at the specified location to be searched when the warrant is issued. *United States v. Marranca*, 98 F. App'x 179, 181 (3d Cir. 2004). Accordingly, "probable cause to support a search warrant is concerned with facts relating to a presently existing condition" therefore "the information the police relied upon to secure the warrant cannot be stale". *United States v. Harris*, 6 Fed. App'x 304, 307 (6th Cir. 2001).

¶ 10.    While it is evident that the warrant was executed more than three months after Officer Benjamin acquired the information contained in the affidavit, that fact alone does not determine whether the information is

6

stale. *United States v. Zimmerman*, 277 F. 3d 426, 434 (3rd Cir. 2002). The information is stale if the age of the information undermines the probability that the items of evidence to be seized will be located in the place to be searched. In making the determination on staleness, the court must take into account "the nature of the crime, the type of evidence", the place to be searched and even the character of the Defendant. *United States v. Vosburgh*, 602 F. 3d 512, 528 (3rd Cir. 2010).

¶ 11.    Officer Benjamin obtained information on April 13, 2020, that Pryce committed a robbery with the use of a firearm. He applied for and obtained the warrant on July 15 and requested to search Pryce's home for a firearm. He executed it on July 23, 2020. A firearm is an item that can be easily located in one place or another. Benjamin relied exclusively on the information he acquired on April 13, 2020 to conclude that Pryce had a firearm in his home on July 23, 2020. This information is too remote in time and to deficient in factual content to create the fair probability that Pryce continued to be in possession of the firearm. In that period, Officer Benjamin confirmed Pryce's address and that he was not authorized to possess a firearm in the Virgin Islands. Probable cause cannot be based on old information which bears no indication that the items to be seized can be found in the location to be searched. *Knox* 883 F.3d at 1276. There is nothing in the affidavit that even vaguely suggests that Benjamin had information which could create the reasonable belief that Pryce took or

kept the firearm in his home. There is nothing to show a greater likelihood that Pryce had the firearm in his home on July 23, 2020 than on his person or in his car when Benjamin saw him in Grove Place in the early afternoon of April 13, 2020. The age of the information, nature of the evidence and the absence of any additional information that would establish the nexus between Pryce's possession of a firearm at the scene of an incident on April 13, 2020, and his possession of firearm at his home on July 23, 2020, make the information contained in the affidavit stale and inadequate to establish probable cause.

## B. The Good Faith Exception Does Not Apply

¶ 12. The People argue that even if the search was conducted in the absence of probable cause, the good faith exception applies. While the U.S. Supreme Court has held that the magistrate's issuance of a warrant is sufficient to find that a law enforcement officer acted in good faith in conducting a search, the United States Court of Appeals for the Third Circuit has held that there are situations in which an officer's "reliance on a warrant is not reasonable and would not trigger the good faith exception". *Hodge*, 246 F.3d at 308. The Third Circuit identified four such situations as follows:

1. Where the magistrate issued the warrant in reliance on the deliberately or recklessly false affidavit;
2. Where the magistrate abandoned his or her judicial role and failed to perform hir or her neutral and detached function;
3. Where the warrant was based on an affidavit so lacking in indicia or probable cause as to render official belief in its existence entirely unreasonable; or

Memorandum Opinion and Order                    Cite as: 2023 VI Super 52U
People of the Virgin Islands v. Jayson Pryce
SX-20-CR-193

4. Where the warrant was so facially deficient that it failed to particularize the place to be searched or the things to be seized. Hodge, 246 F. 3d at 308.

¶ 13.    If any one of these situations is present, the good faith exception does not apply. *Zimmerman*, 277 F.3d at 437. "The decision of the magistrate should be paid great deference". *Harvey* at 1322. "However, this does not mean that a reviewing court is required to rubber stamp the magistrate's conclusions". *Tehfe* at 1117. In reviewing the magistrate's findings, the inquiry is "whether the magistrate had a 'substantial basis' for determining that probable cause existed." *Zimmerman* at 432. The affidavit in this case relates a single incident of robbery in which Pryce is alleged to have used a firearm. The affidavit does not provide any factual details which would command the reasonable belief that Pryce kept the firearm in his home. This Court finds that the affidavit did not provide a substantial basis for the Magistrate's finding of probable cause to issue the warrant. *Id.* The affidavit supporting the application for the search warrant should provide sufficient basis for believing that the firearm which is the subject of the search will be found in Pryce's home. *Tehfe* at 1119.

¶ 14.    Despite the absence of probable cause, the search may nevertheless be valid if it is established that Officer Benjamin relied on the warrant in good faith under the reasoning of *Leon*. "The test for whether the good faith exception applies is 'whether a reasonably well-trained officer would have known the search was illegal despite the Magistrate's authorization'". *Zimmerman* at 436 (quoting *United States v. Loy*, 191 F. 3d 360, 367 (3rd

Cir. 1999)). Officer Benjamin prepared the affidavit and executed the warrant. As a reasonably well-trained officer, Benjamin would recognize that the affidavit that he presented to the Magistrate was inadequate. *United States v. Williams*, 3 F.3d 69, 74 (3d Cir. 1993). Where a police officer fails to "present a colorable showing of probable cause and the warrant and affidavit on their face preclude reasonable reliance" the good faith exception does not apply. *Zimmerman* at 437 (citing *United States v Hove*, 848 F. 2d 137, 140 (9th Cir. 1988)). "Where the warrant was based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable" it presents a situation which precludes the application of the good faith exception. *Id.*

## CONCLUSION

¶ 15.    For the reasons outlined above, the Defendant's Motion to Suppress is **GRANTED** and all items of evidence seized from his home pursuant to the search conducted on July 23, 2020, are hereby suppressed.

**DONE AND SO ORDERED** this 23rd day of August 2023.

_____
**HONORABLE JOMO MEADE**
Senior Sitting Judge of the Superior Court

**A T T E S T:**

**TAMARA CHARLES**

Clerk of the Court

By: _____

Court Clerk Supervisor

Dated: _____08/25/2023_____

IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
August 25, 2023 10:31 AM
SX-2020-CR-00193
TAMARA CHARLES
CLERK OF THE COURT

# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## District of St. Croix

| | |
|---|---|
| **People of the Virgin Islands v. Jayson Pryce** | Case Number: **SX-2020-CR-00193** <br> Charges: **14 V.I.C. 1862(2) - Robbery First Degree (2nd Offense)** <br> **14 V.I.C. 297(1) - Assaults Another With Intent To Commit A Felony** <br> **14 V.I.C. 297(2) - Assaults Another With Deadly Weapon** |

## NOTICE of ENTRY
## of
## ORDER

**To:** Kippy Gordon Roberson, Esq.                Amelia B. Joseph, Esq.

**Please take notice that on August 25, 2023** a(n) **Memorandum Opinion and Order** dated **August 23, 2023** was/were entered by the Clerk in the above-titled matter.

**Dated:** **August 25, 2023**

**Tamara Charles**

**Clerk of the Court**

By:



**Tisha Laurencin**
**Court Clerk II**